Dear Mr. Duhon:
This office is in receipt of your request as the Chief of Police Elect for the City of Carencro for an opinion of the Attorney General in regard to operation of the police department. You indicate you will take office on January 1, 1999 and set forth your concerns as follows:
 1. Can a newly elected Chief of Police take office with a new policy and procedure manual without it being approved by the City Council and the Mayor?
 2. Can I request your office to help in an inventory of the evidence room at the Carencro Police Dept.? It has come to my attention that evidence is being taken out of the evidence room by some officers, and that some items were being sold to other officers which were evidence. It has also been told to me that evidence is not being properly tagged.
 3. Can an employee of the City of Carencro working full-time also work and get a check from another department also with the City of Carencro? This employee is in fact receiving two checks from the City of Carencro.
 4. It has also been brought to my attention that officers are getting paid and not working their required schedule. It has also been brought up that dispatchers are punching in officers and these officers are again getting paid and not working for their punched in time.
 5. It has also raised some concern that officers are shredding police reports.
 6. Can the City Council and mayor appoint a police commissioner for an elected police chief's department?
 7. What authority would the city attorney have over the police department? As an example, as of right now he makes decisions for officers in the department.
 8. Should a police officer collect money from City Court fines or should the City have a City Clerk collecting the money, and should the court records be taped, which is not being done right now?
This office has rendered numerous opinions holding that in a Lawrason Act community with an elected Chief of Police he shall have control over the administration of his department. The Chief of Police is the final authority in the day-to-day operation of his office and equipment in regard to carrying out his duty of enforcement of all ordinances within the municipality and all applicable state laws. Consequently, the governing authority cannot revoke or impair the inherent powers of an elected chief of police. These powers have been defined "as the power to supervise the operation of the police department and assign its personnel and control its equipment." Atty. Gen. Op. Nos. 98-204,97-393, 95-135.
Accordingly, we would conclude in answer to your first question that you can establish a policy and procedure manual without it being approved by the City Council and the Mayor. However, with hiring, firing and discipline the governing authority has the final decision without being bound by the manual.
In answer to your sixth question in regard to the legality of the appointment of a police commissioner for the police department, and your seventh question pertaining to the authority of the City Attorney over the police department, the same provision is applicable that the governing authority cannot interfere with the inherent powers of the elected chief of police, nor could a city attorney.
However, in Atty. Gen. Op. 83-825 this office noted that no statute was found which would prohibit appointment of a "Police Commissioner", but it was concluded he could not interfere with the authority of the Chief of Police. Consequently, it is difficult to understand what purpose such a position would serve.
You state that the City Attorney presently "makes decisions for officers". This cannot be decisions which interfere with the Chief of Police's authority in his operation of the department, but, of course, he can give advice in response to inquiries he may receive.
In your second question you ask if this office can help in an inventory of the evidence room of the police department inasmuch as you have been informed evidence is being taken out of the evidence room and being sold and improperly tagged. Additionally, you point out in paragraph four that you have been informed that officers are not working their required schedules, and some are being punched in by others when they are not there, and in each case are being paid for time they did not work. Then, in paragraph five you state you are concerned that officers are shredding police reports.
In regard to these questions, you should seek first the assistance of your district attorney rather than this office. There may be occurrences of malfeasance in office as set forth in R.S. 14:134 which provides that malfeasance is committed when a public officer or public employee fails to perform any lawful duty, or performs any such duty in an unlawful manner, or permits another public employee under his authority to fail to perform any lawful duty or perform in an unlawful manner.
Additionally, some of these problems may be solved upon your commencement in office and changes made by your supervision of the department. However, in this connection, although the governing authority cannot infringe upon your inherent powers, we would caution you, while you can recommend firing or disciplinary action for police officers in your department, you cannot hire, fire or discipline the officers. This office has recognized this must be done by the governing authority, Atty. Gen. Op. Nos. 96-35, 89-199. Of course, beyond any firing or disciplinary steps, malfeasance in office that may exist would be, as stated above, a matter for the district attorney.
Your third question is controlled by the dual officeholding law, R.S. 42:63(E), which provides as follows:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Therefore, a full-time employee of the City of Carencro cannot hold another position with the City if it is full-time. However, nothing would prohibit a full-time City employee from holding at the same time a part-time position with the City.
Your last question is relative to the City Court wherein you first ask whether a police officer should collect money from city court fines or should the city have a city clerk collecting the money, and then you also ask if the court records should be taped.
R.S. 13:1898 provides that "the clerk of the city court or the marshal, as designated by the judge shall collect all fines". Therefore, the party to collect the fines is to be that selected by the judge.
Also, whether the court records are to be taped is a matter for determination by the judge inasmuch as R.S. 18:1893 provides the judge shall appoint a competent court reporter to take the evidence in any case in which it is necessary to do so under the laws unless waived by the parties, or when requested by any party. Also, R.S. 18:1897 requires in an appeal from the city court the clerk shall cause to be made a transcript to be filed in the office of the clerk to which returnable and further provides that "the testimony of witnesses may be electronically recorded".
Therefore, whether court records are to be taped is not a matter to be determined by the Chief of Police.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR